UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LUCIOUS TURNTINE,           )
                            )
        Petitioner,         )
                            )
    v.                      )   Case No. 16-1236
                            )   Crim. Case No. 13-10020
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

## ORDER AND OPINION

This matter is now before the Court on Petitioner Turntine's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Denied.

### BACKGROUND

Petitioner pled guilty in a written agreement to one count of Hobbs Act robbery (Count 1) and one count of brandishing a firearm during the robbery (Count 2). In exchange for the benefits offered by the plea agreement, Turntine waived his right to appeal and collaterally attack his sentence. On March 6, 2014, Petitioner was sentenced to 24 months' imprisonment on Count 1 and a consecutive term of 84 months on Count 2. He now brings this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that his Hobbs Act robbery conviction no longer qualifies as a "crime of violence," and that, as a result, his conviction for brandishing a firearm during the robbery cannot stand. This Order follows.

### STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or

result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude*.*" *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Petitioner claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for a consecutive, mandatory sentence based on a finding that he had committed a crime of violence under 18 U.S.C. § 924(c). Initially, the Court must address whether Turntine's collateral attack waiver bars consideration of the present motion.

Appeal and collateral attack waivers contained in plea agreements are generally enforceable. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). That being said, there are a few exceptions to this general rule; plea waivers are not enforceable if they are involuntary, if the sentence exceeds the statutory maximum, if the court relied on a constitutionally impermissible factor, or if there was ineffective assistance of counsel with respect to the negotiation of the plea agreement. *Id.*, at 964-66; *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Turntine does not assert any of these exceptions. In fact, he does not even mention his Plea Agreement or waivers, much less provide any argument as to ineffective assistance or involuntariness.

> Paragraph 10 of the Plea Agreement provides as follows:
>
> > The defendant also understands that he has a right to attack the conviction and/or sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant mayor may not have received from the defendant's attorney regarding this right.  Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence.  The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Turntine also agreed to statements in Paragraph 28 of the Plea Agreement indicating the informed and voluntary nature of the entire plea, including the waiver provisions.

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written Plea Agreement.  I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

The Plea Agreement was then accepted by this Court.

Based on consideration of these representations by Turntine, which are entitled to a presumption of verity, as well as the lack of any contrary assertions in the § 2255 motion, the Court finds that Turntine has failed to demonstrate that his collateral attack waiver should not be

enforced. *United States v. Barnes*, 405 F.3d 634, 636-37 (7th Cir. 2005) (finding that plea waivers are enforceable even where there is an unforeseen change in the law in favor of the defendant after sentencing); *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). Enforcement of the waiver bars any further consideration of his § 2255 motion. That being said, in an abundance of caution given the changing landscape of precedent in the wake of *Johnson*, the Court will alternatively address the merits of the motion.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court has been extended to the residual clause in 18 U.S.C. § 16(b), which is similar to the definition applied in § 924(c)(3)(B). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Petitioner's Motion seeks to invoke *Johnson*, claiming that the holding in that case necessarily rendered the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *Johnson* invalidated only the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). However, the Seventh Circuit has applied *Johnson* to the definition of "crime of violence" in 18 U.S.C. § 16(b), which is nearly identical to the language in § 924(c)(3)(B). *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015). Accordingly, it is plausible that the reasoning of *Johnson* applies to the residual clause in § 924(c)(3)(B) and renders it unconstitutionally vague, and the Seventh Circuit has assumed as much without specifically

4

deciding the issue. *United States v. Armour*, ___ F.3d ___, 2016 WL 6440383, at **2-3 (7th Cir. Nov. 1, 2016).

That being said, the record indicates that Petitioner would not be entitled to relief as the underlying crime at issue here is Hobbs Act robbery, which qualifies as a crime of violence under 18 U.S.C. § 16(a)(1) rather than the residual clause, as it "has as an element the use, attempted use, or threatened use of physical force against the person of another." This conclusion was essentially confirmed by the Seventh Circuit with respect to the crime of attempted armed bank robbery in holding that "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague." *Armour*, ___ F.3d ___, 2016 WL 6440383, at *2 (7th Cir. Nov. 1, 2016), *citing United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (holding that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.") This was so even though the defendant in *Armour* did not actually enter the bank during the attempted robbery. *Id.*, at **2-3. Accordingly, convictions qualifying under the elements clause were unaffected by the holding in *Johnson*. *Id.* As bank robbery was necessarily a crime of violence, the Seventh Circuit also affirmed the defendant's conviction for "using or brandishing a firearm during and in relation to a 'crime of violence'" against a *Johnson* challenge. *Id.*, at *5.[1]

Turntine would therefore not be entitled to relief under *Johnson* even if he were not barred by the waivers in his Plea Agreement from bringing this collateral attack.

---

[1] The Court notes that Turntine does not make the other challenge to his 924(c) conviction that was made in *Armour*, namely that there were insufficient facts to support the seven-year mandatory minimum sentence for brandishing a firearm. *See United States v.* Armour, ___ F.3d ___, 2016 WL 6440383, at **5-6 (7th Cir. Nov. 1, 2016).

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, even when the questions of waiver, as well as applicability and retroactivity of *Johnson* to cases under different statutes on collateral review, are construed in his favor, no reasonable jurist could conclude that Petitioner's claims were not either devoid of factual support or flatly contradicted by Federal law. Accordingly, this Court will not issue him a certificate of appealability.

### CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED. This matter is now terminated.

ENTERED this 4th day of November, 2016.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge